# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

| | |
|---|---|
| SCOTT MCCONNELL, Individually and for Others Similarly Situated, | Case No. _____ |
| Plaintiffs, | Jury Trial Demanded |
| v. | Class Action Pursuant to Fed. R. Civ. P. 23 |
| EN ENGINEERING, LLC, | FLSA Collective Action Pursuant to 29 U.S.C. § 216(b) |
| Defendant. | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      EN Engineering, LLC (ENE) has failed to pay Scott McConnell (McConnell), and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA) and the Pennsylvania Minimum Wage Act ("PMWA").

2.      Instead, ENE pays McConnell, and other workers like him, the same hourly rate for all hours worked ("straight time for overtime"), including those in excess of 40 in a workweek.

3.      McConnell brings this class and collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b). The Court also has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d). The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because ENE

operates in this District and Division and because a substantial portion of the events giving rise to this action occurred in this District.

6.     McConnell worked for ENE in this District in Allegheny County, Pennsylvania.

## THE PARTIES

7.     McConnell was an hourly employee of ENE.

8.     McConnell worked for ENE from approximately May 2015 until October 2018.

9.     His consent to be a party plaintiff is attached as **Exhibit A**.

10.    McConnell brings this action on behalf of himself and all the class of similarly situated employees or putative class members, properly defined as:

> **All employees working for or on behalf of ENE at any time during the last 3 years who were paid the same hourly rate for all hours worked** ("The FLSA Class").[1]

11.    McConnell further seeks certification of a class under Fed. R. Civ. P. 23 to remedy ENE's violations of the PMWA.

12.    The class of similarly situated employees sought to be certified as a class action under the PMWA is defined as:

> **All employees working for or on behalf of ENE in Pennsylvania at any time during the last 3 years who were paid the same hourly rate for all hours worked** ("The Pennsylvania Class").[2]

13.    ENE is a Delaware limited liability company that maintains its headquarters in Warrenville, Illinois.

---

[1]     This FLSA putative class is intended to exclude the putative class members who worked as Project Consultants/Inspectors and were paid straight time for overtime as defined in *Rossman v. EN Engineering, LLC*

[2]     This Rule 23 putative is intended to exclude the putative class members who worked as Project Consultants/Inspectors and were paid straight time for overtime as defined in *Rossman v. EN Engineering, LLC*

14.     ENE is a company doing business throughout the United States, including in Allegheny County, Pennsylvania. ENE may be served by serving its registered agent: Cogency Global, Inc., 600 North 2nd Street, Harrisburg, PA 17101.

## COVERAGE UNDER THE FLSA AND PMWA

15.     At all relevant times, ENE was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.     At all relevant times, ENE was an employer within the meaning of the PMWA.

17.     At all relevant times, ENE was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18.     At all relevant times, ENE was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment - that have been moved in or produced for commerce.

19.     At all relevant times, ENE had an annual gross volume of sales made in excess of $1,000,000.

20.     At all relevant times, McConnell and the Putative Class Members (defined below) were engaged in commerce or in the production of goods for commerce.

21.     ENE uniformly applied its policy of paying its hourly employees, including McConnell, straight time for overtime.

22.     ENE applied this policy regardless of any alleged individualized factors such as job position, job duties/responsibilities, education, experience or geographic location.

## THE FACTS

23.     ENE "provides comprehensive and dependable engineering, consulting, and automation services, to pipeline companies, utilities, and industrial customers."[3]

24.     McConnell has worked for ENE from approximately May 2015 until October 2018.

25.     McConnell worked for ENE at its Pittsburgh, Philadelphia location.

26.     McConnell was a Design Engineer for ENE.

27.     As a Design Engineer, McConnell worked in the field and took measurements and pictures of structures, such as pipe bridges or pipe racks. These measurements and pictures were used to test the integrity, fatigue, and serviceability of the structures.

28.     McConnell reported the hours he worked to ENE on a regular basis.

29.     McConnell was not guaranteed a salary.

| Earnings Statement | | SCOTT J MCCONNELL |
|---|---|---|
| Pay Date: 10/19/2018 | Company: 0FF18 - EN ENGINEERING LLC | Emp #: A1IE |
| Period Start: 09/30/2018 | 28100 TORCH PARKWAY SUITE 400 | Dept: 0105 - Industrial Solutions |
| Period End: 10/13/2018 | WARRENVILLE IL 60555  (630) 353-4000 | Pay Basis: Hourly |

30.     If McConnell worked fewer than 40 hours in a week, he was only paid for the hours works.

31.     McConnell regularly worked over 40 hours in a week.

32.     In fact, McConnell routinely worked 45 hours per week.

33.     Although he often worked 45 hours per workweek, ENE never paid McConnell any overtime but, rather, paid him straight-time-for-overtime as shown on the following earnings statement:

---

[3] https://www.enengineering.com/ (last visited August 8, 2019).

| | | Rate | Hours/Units | Current Period | Year To Date |
|---|---|---|---|---|---|
| **Earnings** | | | | | |
| Regular | | 34.16 | 80.00 | 2732.80 | 34545.53 |
| Paid Time Off | | 0.00 | 0.00 | 0.00 | 5449.71 |
| Overtime - Straight Time | | 34.16 | 8.00 | 273.28 | 401.38 |
| GTL - PA | | | | 0.53 | 6.45 |
| | **Gross** | | 88.00 | 3006.61 | 40403.07 |

34.     The hours McConnell and the Putative Class Members (defined below) work are reflected and recorded in ENE's pay and time records.

35.     Rather than receiving time and half as required by the FLSA and PMWA, McConnell only receives "straight time" pay for overtime hours worked.

36.     ENE's "straight time for overtime" payment scheme violates the FLSA and PMWA.

37.     ENE was and is aware of the overtime requirements of the FLSA and PMWA.

38.     ENE nonetheless fails to pay certain employees, such as McConnell, overtime.

39.     ENE did not guarantee McConnell and Putative Class Members a salary.

40.     ENE's failure to pay overtime to these workers was, and is, a willful violation of the FLSA and PMWA.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

41.     McConnell incorporates all previous paragraphs and alleges that the illegal pay practices ENE imposed on McConnell were likewise imposed on the Putative Class Members.

42.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and PMWA.

43.     Numerous other individuals, like McConnell, indicated they were paid in the same manner and were not properly compensated for all hours worked as required by the FLSA and PMWA.

44.     Based on his experiences and tenure with ENE, McConnell is aware that ENE's illegal practices were imposed on the Putative Class Members.

45.     The Putative Class Members were all paid straight time for overtime and not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

46.     ENE's failure to pay wages and overtime compensation at the rates required by the FLSA and PMWA results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

47.     The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

48.     McConnell has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, McConnell has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

49.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

50.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Defendant will reap the unjust benefits of violating the FLSA and applicable state labor laws.

51.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Defendant, it would be unduly burdensome to the judicial system.

52.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

53.     The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.  Whether Defendant employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA and PMWA;

b.  Whether the Putative Class Members were improperly misclassified as exempt from overtime pay under the FLSA;

c.  Whether Defendant's decision to classify the Putative Class Members as exempt from overtime pay was made in good faith;

d.  Whether Defendant's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

e.  Whether Defendant's violation of the FLSA and PMWA was willful; and

f.  Whether Defendant's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

54.  McConnell's claims are typical of the claims of the Putative Class Members. McConnell and the Putative Class Members sustained damages arising out of Defendant's illegal and uniform employment policy.

55.  Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

56.  The specific job titles or precise job locations of the various Putative Class Members do not prevent class or collective treatment.

57.  Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## CAUSES OF ACTION

### FLSA VIOLATION

58.     McConnell realleges and incorporates by reference all allegations in the preceding paragraphs.

59.     As set forth herein, ENE has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

60.     ENE knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay McConnell and the FLSA Class Members overtime compensation. ENE's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

61.     Accordingly, McConnell and the FLSA Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorneys' fees and costs.

62.     McConnell and the FLSA Class Members are entitled to recover their unpaid overtime compensation, liquidated damages, reasonable attorney's fees, costs, and expenses of this action from ENE.

### PMWA VIOLATION

63.     McConnell brings this claim under the PMWA as a Rule 23 class action.

64.     ENE is subject to the overtime requirements of the PMWA because ENE is an employer under 43 P.S. § 333.103(g).

65.     During all relevant times, McConnell and the PMWA Class were covered employees

8

entitled to the above-described PMWA's protections.  See 43 P.S. § 333.103(h).

66.     ENE's compensation scheme that is applicable to McConnell and the PMWA Class failed to comply with either 43 P.S. § 333.104(c) or 34 Pa. Code § 231.43(b).

67.     At all relevant times, ENE was subject to the requirements of the PMWA.

68.     At all relevant times, ENE employed McConnell and each Class Member with Pennsylvania state law claims as an "employee" within the meaning of the PMWA.

69.     The PMWA requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week. Plaintiff and each member of the Pennsylvania Class are entitled to overtime pay under the PMWA.

70.     Defendants have and had a policy and practice of misclassifying McConnell and each member of the Pennsylvania class as exempt from overtime pay and failing to pay these workers overtime for hours worked in excess of 40 hours per workweek.

71.     McConnell and each member of the Pennsylvania Class seek unpaid overtime in amount equal to 1.5 times the regular rate of pay for work performed in excess of 40 hours in a workweek, prejudgment interest, all available penalty wages, and such other legal and equitable relief as the Court deems just and proper.

72.     McConnell and each member of the Pennsylvania Class also seek recovery of attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the PMWA.

**JURY DEMAND**

73.     McConnell demands a trial by jury

**PRAYER**

74.     McConnell prays for relief as follows:

        a.     An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all Putative Class

Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.  For an Order pursuant to Section 16(b) of the FLSA finding ENE liable for unpaid back wages due to McConnell and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.  An Order certifying a Rule 23 class action on behalf of employees working for or on behalf of ENE in Pennsylvania at any time during the last 3 years who were paid the same hourly rate for all hours worked;

d.  Judgment awarding McConnell and the PMWA Class all unpaid overtime and other damages available under the PMWA;

e.  For an Order awarding McConnell and the PMWA Class their costs of this action;

f.  For an Order awarding McConnell and the PMWA Class their reasonable attorneys' fees and expenses as provided by the FLSA and PMWA

g.  For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

h.  For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*

**Michael A. Josephson**
PA Bar 308410
**Andrew W. Dunlap**
PA Bar 241078444
**Carl A. Fitz**
Texas Bar No. 24105863
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
cfitz@mybackwages.com

**AND**

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

**Joshua P. Geist**
PA ID No. 85745
**GOODRICH & GEIST PC**
3634 California Ave.
Pittsburgh, Pennsylvania 15212
412-766-1455 – Telephone
412-766-0300 – Facsimile
josh@goodrichandgeist.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**