IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

SCOTT MCCONNELL and MICHAEL )
BENNETT, INDIVIDUALLY AND FOR )
OTHERS SIMILARLY SITUATED; )     2:20-CV-00153-MJH
 )
    Plaintiff, )
 )
vs. )
 )
EN ENGINEERING, LLC, )

    Defendant,

## OPINION AND ORDER

Plaintiffs, Scott McConnell and Michael Bennett, individually and on behalf of others similarly situated, bring the within collective action against EN Engineering, Inc. (ENE), for overtime payment as required by the Fair Labors Standards Act (FLSA), the Pennsylvania Minimum Wage Act (PMWA), and the Kentucky Wage and Hour Act (KWHA). (ECF No. 48).

Plaintiffs now move for conditional certification and court-authorized notice. (ECF No. 55). The Court held oral argument on conditional certification on October 7, 2020, and the matter is now ripe for consideration. After consideration of Plaintiffs' Motion for Conditional Certification and Court-Authorized Notice and Brief in Support (ECF No. 55 and 56), ENE's Response in Opposition (ECF No. 69), Plaintiff's Reply (ECF No. 74), ENE's Supplemental Declaration (ECF No. 75), the arguments of counsel, and for the following reasons, Plaintiffs' Motion will be granted as to conditional certification and deferred as to court authorized notice.

I.     Background

In this action, ENE allegedly failed to pay Scott McConnell (McConnell) and Michael Bennett (Bennett) (collectively, Plaintiffs), and other workers like them, overtime as required by the Fair Labor Standards Act (FLSA), the Pennsylvania Minimum Wage Act (PMWA), and the Kentucky Wage and Hour Act (KWHA). See 29 U.S.C. § 201 et seq; 43 P.S. § 33.104 et seq.; K.R.S. § 337.010 et seq. (ECF No. 48 at ¶ 1).  The Amended Complaint alleges that ENE pays Plaintiffs, and other workers like them, the same hourly rate for all hours worked ("straight time for overtime"), including those in excess of 40 hours in a workweek. *Id*. at ¶ 2.  Plaintiffs define Straight Time Workers as: all employees working for or on behalf of ENE at any time during the last 3 years who were paid the same hourly rate for all hours worked. *Id*. at ¶ 16. Plaintiffs allege that they and Straight Time Workers reported the hours they worked to ENE on a regular basis. *Id*. at ¶ 43.   Further, Plaintiffs allege that ENE did not guarantee Straight Time Workers a salary. *Id*. at ¶ 44.

Plaintiffs alleged that ENE hired Plaintiffs and Straight Time Workers on a "straight time basis."  *Id*. at ¶ 45.  Plaintiffs further aver that ENE paid Plaintiffs on an hourly basis and that they and Straight Time Workers were given raises on an hourly basis. *Id*. at ¶¶ 46-47.  Plaintiffs and Straight Time Workers allegedly regularly worked over 40 hours in a week, but ENE never paid employees any overtime for hours worked in excess of 40 hours per week, but rather, straight-time-for overtime. *Id*. at ¶¶ 49, 51.

In their Motion for Class Certification (ECF No. 55), Plaintiffs contend that they and the Straight Time Workers that ENE paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek, share a common employment experience, regardless of job title,

...

supervisor, location, or project. Therefore, Plaintiffs argue that Plaintiffs and Straight Time Workers are similarly situated under the lenient standard for conditional certification.

## II. Legal Standard for Conditional Certification

Section 7 of the FLSA requires employers to pay overtime to certain employees who work more than 40 hours in a work week. 29 U.S.C. § 207(a). Under the FLSA, a plaintiff may bring a collective action behalf of themselves "and other employees similarly situated" to recover unpaid overtime compensation. 28 U.S.C. § 216(b).

Courts in the Third Circuit "follow a two-step process for deciding whether an action may properly proceed as a collective action under the FLSA." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). At the first step, "the court makes a preliminary determination as to whether the named plaintiffs have made a modest factual showing that the employees identified in their complaint are similarly situated." *Id.* A plaintiff's burden at the first step is light and can be met by "produc[ing] some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 195 (3d Cir. 2011), *rev'd on other grounds sub nom.*, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013). If this burden is satisfied, "the court will 'conditionally certify' the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery." *Camesi*, 729 F.3d at 243. This "conditional certification" is not really a certification at all—instead, "[i]t is actually the district court's exercise of its discretionary power ... to facilitate the sending of notice to potential class members, and is neither necessary nor sufficient for the existence of a representative action under the FLSA." *Zavala v. Wal Mart Stores, Inc.*, 691 F.3d 527, 536 (3d Cir. 2012).

At the second step, "with the benefit of discovery," the court "makes a conclusive determination as to whether each plaintiff who has opted into the collective action is in fact similarly situated to the named plaintiff." *Camesi*, 729 F.3d at 243. The second step can be "triggered" by "the plaintiff's motion for 'final certification,' by the defendants' motion for 'decertification,' or, commonly, by both." *Id.* Determining whether class members are similarly situated during the second stage "generally requires the consideration of three factors: (1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendant; and (3) fairness and procedural considerations." *Kuznyetsov v. W. Penn Allegheny Health Sys., Inc.*, No. 10-948, 2011 WL 6372852, at *2 (W.D. Pa. Dec. 20, 2011) (citations omitted).

In sum, the first stage looks at "whether 'similarly situated' plaintiffs do in fact exist, while at the second stage, the District Court determines whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Zavala*, 691 F.3d at 536 n.4. "Courts typically rely on the pleadings and affidavits of the parties to determine the suitability of conditional certification." *Waltz v. Aveda Transp. & Energy Servs., Inc.*, No. 16-469, 2016 WL 7440267, at *2 (M.D. Pa. Dec. 27, 2016) (citation omitted). Given the "modest burden" at the first stage of the proceedings, "motions for conditional certification are generally successful." *Id.*; *see also Bowser v. Empyrean Servs., LLC*, 324 F.R.D. 346, 352 (W.D. Pa. 2018) (the first step's "fairly lenient standard typically results in a grant of conditional certification").

III.   Discussion

Plaintiffs request that the Court conditionally certify and authorize them to send notice to:

All ENE hourly employees who were paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime") at any time in the past 3 years ("Putative Class Members").

4

Plaintiffs argue that they can satisfy their lenient burden to identify a common policy or practice alleged to violate the FLSA, namely ENE's uniform straight time for overtime pay scheme that deprived Plaintiffs and Straight Time Workers of overtime in violation of the FLSA.  ENE argues that the Court should deny conditional certification because Plaintiffs supply no evidence of a common unlawful policy and that the Plaintiffs are not similarly situated.

1. Merits-Based Defense

ENE argues that Plaintiffs and other Straight Time Workers have no evidence that it violated the FLSA by paying them as "hourly" employees without time-and-a-half overtime. Plaintiffs counter that conditional certification does not require a decision on the merits. At the step-one inquiry, the Court does not weigh the evidence, resolve factual disputes, or reach the merits of plaintiff's claims. *See Pereira v. Foot Locker,* 261 F.R.D. 60, 67 (E.D.Pa.2009); *Bowser v. Empyrean Servs., LLC*, 324 F.R.D. 346, 353 (W.D. Pa. 2018).

Here, the Court must adhere to the two-tiered process outlined by the Third Circuit in *Camesi*, and at this time, the Court cannot address and adjudicate either ENE's defenses or the merits of Plaintiffs' FLSA claims. Upon this Court's review of the submissions of the parties and the arguments of counsel,  ENE is asking the Court to "weigh evidence" and "resolve factual disputes."  Such review will be reserved for later in this litigation.  Therefore, the Court must, at this time, reject ENE's merits-based opposition to Plaintiffs' Motion for Conditional Certification.  The Court will address the ENE's defenses and the merits of Plaintiffs' claims at the appropriate time.

2. Similarly Situated Plaintiffs

Next, ENE argues that the 849 potential collective action members are not similarly situated.   It further contends that although ENE paid Straight Time Workers using the same

5

basic practice, significant other differences confirm that the claims of the putative collective cannot "be proven through common evidence, versus individualized testimony." ENE contends that different understandings about putative members' pay, differences in pay-related communications, and differences in job duties all preclude conditional certification. Plaintiffs contend that courts routinely certify FLSA Collective Actions based upon uniform straight time for overtime pay practices. Plaintiffs assert Straight Time Workers are similarly situated because:

- The Straight Time Workers worked as hourly employees for ENE;

- The Straight Time Workers were all subjected to ENE's straight time for overtime pay plan;

- ENE admitted to using hourly pay on the Straight Time Workers paystubs;

- The Straight Time Workers were paid the same straight time hourly rate for all hours worked;

- The Straight Time Workers were only paid for hours actually worked and tracked according to their timesheets;

- The Straight Time Workers were never guaranteed any amount that was not tied to the hours they worked each week;

- The Straight Time Workers regularly worked in excess of 40 hours a week; and

- The Straight Time Workers were not paid overtime for hours worked in excess of 40 hours in any given week.

(ECF Nos. 56-1 through 56-27). In response, ENE states that the proposed collective consists of up to 849 "heterogeneous claimants who worked in [over 30] different locations, in [at least 31] different positions, for different clients and supervisors," with wildly diverse individualized experiences. (ECF No. 69-23). ENE contends that an inquiry into the individualized nature of the "job duties" renders any collective action unmanageable. At the time of argument, counsel for

6

ENE conceded that the 849 putative class members, despite dissimilarities, are all Straight Time Workers, as defined by Plaintiffs in their Amended Complaint.

At the first stage of certification, plaintiffs must only present "some evidence, beyond mere speculation, of a factual nexus between the manner in which the employer's alleged policy affected [them] and the manner in which it affected the other employees." *Hively v. Allis-Chalmers Energy, Inc.*, No. 13-106, 2013 WL 5936418, at *3 (W.D. Pa. Nov. 5, 2013). "Generally, plaintiffs meet the standard by producing some evidence indicating common facts among the parties' claims, and/or a common policy affecting all the collective members." *Id*.

"Any dissimilarities in job functions which would exclude a class member will be reevaluated at stage two when discovery is complete." *Bowser v. Empyrean Servs.*, LLC, 324 F.R.D. 346, 352 (W.D. Pa. 2018). Similarly, "[t]hat potential plaintiffs held different jobs, in different departments, in different locations does not preclude conditional certification because all were subjected to the same allegedly unlawful policy." *Id*. at 352-53. Ultimately, allowing early notice and full participation by the opt-ins "assures that the full 'similarly situated' decision is informed, efficiently reached, and conclusive." *Sperling v. Hoffmann-La Roche, Inc.*, 118 F.R.D. 392, 406 (D.N.J. Jan. 5, 1988). Once the notice and opt-in period are complete, the court will have the benefit of knowing the actual makeup of the class. Thus, early notice helps courts to manage the case because it can "ascertain the contours of the action at the outset." *Hoffmann La Roche v. Sperling*, 493 U.S. 165, 172, 110 S.Ct. 482 (1989).

Here, Plaintiffs seek collective treatment for a specific type of worker (ENE's hourly employees) who were all subjected to the same pay policy (ENE's uniform straight time for overtime pay scheme). While there are alleged dissimilarities that the Court will scrutinize at later stages of this case, this Court is not tasked to parse that analysis now. And while questions

remain as to whether the policy implemented by ENE was legal under the FLSA, Plaintiffs have sufficiently asserted a common policy that affected a putative collective. Therefore, Plaintiffs present sufficient evidence to meet a modest factual showing that they and other Straight Time Workers are similarly situated for the alleged FLSA violations.

Accordingly, Plaintiff's Motion for Conditional Certification will be granted.

ORDER

And Now this 8th of October 2020, after consideration of Plaintiffs' Motion for Conditional Certification (ECF No. 55), the respective briefs and submissions, and the arguments of counsel, Plaintiff's Motion is Granted. The following class is CERTIFIED:

> All ENE hourly employees who were paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or, "straight time for overtime") at any time in the past 3 years ("Putative Class Members").

A decision regarding Authorization for Notice to the Putative Class Members is deferred. Counsel shall meet and confer regarding proposed Notice and Consent forms and shall file a joint status report in the next ten (10) days regarding any remaining disputes.

Marilyn J. Horan
United States District Judge